Contracts; government specifications; advisory specifications; ballistics test results; remcund to administrative Board to take further evidence and make further fundings. — On January 4,1974 the court issued the following order :
“This case comes before the court on defendant’s request, filed April 27, 1973, for review under Rule 54(b) of the report and opinion of Trial Judge Louis 'Speotor, filed February 27, 1973 [reported at 18 CCF para. 82079], on plaintiff’s motion and defendant’s cross-motion for summary judgment on oral argument of counsel and the briefs of the parties.
“The case arises out of the denial by the Armed Services Board of Contract Appeals of a claim under the “Disputes” clause of a contract between plaintiff and defendant. The claim was for increased costs attributed by plaintiff to defective Government specifications for production of Talos guided missile assemblies (warheads).
“Four preproduction sample warheads submitted for plant inspection as required by the contract, were found to fully satisfy contract requirements, and were approved 'by the Navy inspector for shipment and ballistic testing. Plaintiff was thereafter informed the samples had failed ballistic tests performed at a naval installation, and the delivery schedule was postponed pending investigation. In the course thereof, and in consultation with Navy representatives, it appeared that the failure of the ballistic tests was attributed to plaintiff’s adherence only to mandatory drawings and specifications, and not to others designated as ‘advisory’ and ‘not for manufacture.’
“A second group of four preproduction samples was subsequently manufactured in accordance with the mandatory and advisory specifications, and test-fired. Two months later, plaintiff was advised that these samples satisfied the ballistic test requirements. As will later appear, the question of whether plaintiff or anyone else ever actually satisfied these ballistic test requirements, is not thereby set to rest. Suffice *733 it to say, production was allowed to proceed and the contract was completed.
“Plaintiff filed a claim under the ‘Disputes’ clause contained in the contract[1] for increased costs attributed to defective Government specifications, and it was denied by the contracting officer and on appeal by the Secretary of the Navy, represented by the Armed Services Board of Contract Appeals. Thereafter, plaintiff filed a petition in this court under our basic jurisdictional statute,[2] also citing the Wun-derlich Act,[3] and asserting four causes of action. The first alleges a breach of contract in that plaintiff was required to embark on a research and development program to pass the ballistic requirement, and to alter its manufacturing methods to ‘hand-make’ the warheads, while defendant knew that they would not consistently pass the ballistic test, whatever plaintiff did, and failed to so advise plaintiff. The second cause of action alleges a breach of contract in that plaintiff was advised that its second submission met ballistic test requirements, when in fact it did not, causing plaintiff to institute and to continue extraordinary manufacturing procedures not required by the contract. The third cause alleges that the specifications were defective in that, if followed in accordance with their terms, the warheads would not meet the ballistic test, and the decision of the board to the contrary was arbitrary, capricious, erroneous, not supported by substantial evidence, and legally erroneous in its interpretation of the contract. Finally, as a fourth cause of action, plaintiff alleges that the board was arbitrary, capricious and legally in error in denying plaintiff’s timely motion for reconsideration when it came to light that defendant was withholding information as to the true status of the ballistic test results.
“The opinion of the board rejecting the claim is predicated on the apparently shaky foundation that when plaintiff followed the advisory specifications, a satisfactory product resulted.
“At a pretrial conference in this court, it was concluded *734 that the parties should initially file cross-motions pursuant to Rule 165(b) presenting their respective positions with l’espect to the board decision, without prejudice to plaintiff’s right to claim entitlement to a trial on the remaining causes of action, should they remain after completion of review of that decision.
“The trial judge concluded that ‘plaintiff’s motion for summary judgment should be granted as to its third and fourth causes of action [as hereinbefore stated], rendering it unnecessary to decide its first and second causes of action. Defendant’s cross-motion should be denied.’ The trial judge recommended a direction that the case be remanded to the Armed Services Board of Contract Appeals for determination of the equitable adjustment to which plaintiff was to be entitled.
“We have concluded that this conclusion by the trial judge is in error, and that the case should be remanded to the Armed Services Board of Contract Appeals for further evidence and findings under plaintiff’s fourth cause of action which alleges that the board was arbitrary, capricious and legally in error in denying plaintiff timely motion for reconsideration. The motion alleged that defendant was withholding information as to the. true status of the ballistic test results.
“Plaintiff was notified on September 3, 1963 that its pre-production sample utilizing both the mandatory and advisory specifications had been test-fired and found to be acceptable by defendant. The trial judge found that there is no substantial evidence in the record that these preproduction samples did in fact satisfy these ballistic test requirements, and we agree with this finding.
“Indeed, the same board later considered another case involving the same kind of preproduction samples, produced under similar updated specifications, and subjected to the same ballistic tests in General Precision, Inc. ASBCA 12078, 70-1 BCA ¶ 8144. The board in General Precision reached a result contrary to that found in the instant case, including the board’s finding that General Precision''s warheads did nob pass the ballistic test requirements even after the “ad *735 visory” specifications were followed, and that no other producer’s did either.
“In its motion for reconsideration and to reopen the record, plaintiff attached four exhibits which had been introduced in the later General Precision, Inc., supra, appeal before the board, and which were not known to plaintiff in the instant case during its trial. These exhibits illustrated that: (1) the ballistic requirements were relaxed from those in OS 11705 to those in a later purchase description WS 2949 (General Precision, Inc., supra, Appellant’s Exhibit C-5); (2) drawing dimensions and characteristics from the original technical data package had to be relaxed and changed (General Precision, Inc., supra); (3) by a comparison of the actual ballistic data to the original requirement none of the producers met the original requirements (General Precision, Inc., supra); and (4) there were variables that affected performance of the warhead in its firing and could accormt for the difference in performance at different ballistic testing stations.
“The board, in denying plaintiff’s motion, stated that it had received these exhibits, and found no sound ground for reopening and reconsideration. However, the trial judge concluded that: ‘To avoid an injustice, the board under its own rules and practice, should have reopened and reconsidered the claim on the basis of plaintiff’s timely motions.’ (ASBCA cases cited). We agree that the decision of the board refusing to reopen was arbitrary and capricious, and therefore not entitled to finality here.
“Nevertheless, the trial judge further concluded that without further remand to the board for reopening and rehearing on plaintiff’s fourth cause of action, ‘plaintiff’s motion for summary judgment should be granted as to its third and fourth causes of action reardering it unnecessary to decide its first and second causes of action,’ and would have remanded the case to the board for determination only of the equitable adjustment to which plaintiff is entitled.
“We have concluded that the case is not yet ready for final determination of entitlement on the fourth cause of action, and should be remanded to the Armed Services Board of Contract Appeals for reopening and reconsideration, in- *736 eluding all evidence relevant to the issue as to whether plaintiff’s preproduction warheads met the ballistic test requirements, or whether it was possible to meet these requirements under the specifications, either mandatory or advisory. We do not consider that Wunderlich Act standards permit us to make a final determination as to entitlement on the basis of evidence the board refused to receive into the record, or on the fact findings in another case. On reopening the case the board may make new findings bearing on the third cause of action also, and therefore we consider it inappropriate to enter judgment on that cause, as well. Counsel for plaintiff is designated as the responsible reporting attorney under paragraph 9 (a) of General Order No. 3 of 1972. “it is so ordered.”

 Worded as required by 41 U.S.C. §§ 321-22 (1970).

 28 U.S.C. § 1491.

 See note 1, supra.